NATHANIEL H. JENKINS, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

NA RAE KIM, Bar No. 335392
nakim@littler.com
LITTLER MENDELSON, P.C.
101 Second Street, Suite 1000
San Francisco, California 94105
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
QUALITY ASSURANCE ENGINEERING, INC., doing business as CONSOLIDATED ENGINEERING LABORATORIES (ERRONEOUSLY SUED AS CONSOLIDATED ENGINEERING LABORATORIES)

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALVAREZ, EDDIE E. MOSES, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED ENGINEERING LABORATORIES, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>[Removed from Contra Costa County Superior Court, Case No. C25-02619]<br><br>**DEFENDANT QUALITY ASSURANCE ENGINEERING, INC. DBA CONSOLIDATED ENGINEERING LABORATORIES' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed: September 11, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS DAVID ALVAREZ AND EDDIE E. MOSES, AND PLAINTIFFS' ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant QUALITY ASSURANCE ENGINEERING, INC. doing business as ("DBA") CONSOLIDATED ENGINEERING LABORATORIES (erroneously sued as Consolidated Engineering Laboratories) ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, County of Contra Costa, to the United States District Court for the Northern District of California. This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the Contra Costa County Superior Court.

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

**VENUE**

2. Plaintiffs DAVID ALVAREZ and EDDIE E. MOSES ("Plaintiffs") filed this action in the Superior Court for the State of California, County of Contra Costa. The United States District Court for the Northern District of California embraces the place where the State Court Action is pending. 28 U.S.C. § 84(a). Therefore, this Notice of Removal has been properly filed with the United States District Court for the Northern District of California, Oakland Division. *See* 28 U.S.C. §§ 84(a), 1391, 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . . .").

**PLEADINGS, PROCESS, AND ORDERS**

3. On September 11, 2025, Plaintiffs filed a Class Action Complaint for Damages in the Superior Court for the State of California, County of Contra Costa, entitled *David Alvarez, Eddie E. Moses, individually, and on behalf of other members of the general public similarly situated versus Consolidated Engineering Laboratories, a California corporation; and Does 1 through 100 inclusive*, Case No. C25-02619, asserting ten (10) causes of action for (1) Unpaid Overtime, California Labor Code

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

§§ 510 and 1198; (2) Unpaid Meal Period Premiums, Labor Code §§ 226.7 and 512(a); (3) Unpaid Rest Period Premiums, Labor Code § 226.7; (4) Unpaid Minimum Wages, Labor Code §§ 1194, 1197, and 1197.1; (5) Final Wages Not Timely Paid, Labor Code §§ 201 and 202; (6) Wages Not Timely Paid During Employment, Labor Code § 204; Non-Compliant Wage Statements, Labor Code § 226(a); (8) Failure to Keep Requisite Payroll Records, Labor Code § 1174(d); (9) Unreimbursed Business Expenses, Labor Code §§ 2800 and 2802; and (10) Unfair Business Practices, California Business and Professions Code § 17200, *et seq. See* Declaration of Nathaniel H. Jenkins ("Jenkins Decl.") ¶ 2, Ex. A (the "Complaint" or "Compl.").

4. On October 20, 2025, Plaintiffs mailed Defendant a Notice and Acknowledgment of Receipt, including a Summons, Complaint, Civil Case Cover Sheet, and Notice of Assignment to Department 39 for Case Management Determination. Jenkins Decl. ¶ 3, Exs. A–B. On November 10, 2025, Defendant signed and returned the Notice and Acknowledgment of Receipt to Plaintiff, effectuating service. Jenkins Decl. ¶ 3, Ex. C.

5. On December 9, 2025, Defendant filed and served an Answer to the Complaint in the Contra Costa County Superior Court. Jenkins Decl. ¶ 4, Ex. D.

6. Exhibits A through D attached herewith satisfy the requirements of 28 U.S.C. § 1446(a). *See* Jenkins Decl. ¶¶ 2–4, Exs. A–D. As far as Defendant is aware, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court for the State of California, County of Contra Costa, nor has any party served any pleadings other than as described above. Jenkins Decl. ¶ 5.

## INDIVIDUAL AND DOE DEFENDANTS

7. No individual defendants are named in this action. Defendant is informed and believes that none of the Doe Defendants in this case have been identified or served. Therefore, the Doe Defendants need not join or consent in this Notice of Removal, and they must be disregarded for purposes of the removal analysis. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## TIMELINESS OF REMOVAL

8. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b)(1), a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

§ 1446(b)(1). Here, Plaintiffs served Defendant with the Complaint on November 10, 2025. Jenkins Decl. ¶ 3. Therefore, this Notice of Removal is timely.

**FEDERAL QUESTION JURISDICTION**

9. This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter "Section 301"); *Firestone v. So. Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under the applicable collective bargaining agreement ("CBA"). Plaintiffs claim they and the putative class are entitled to relief that is controlled by and/or requires interpretation of the CBA. *See generally* Jenkins Decl. ¶ 2, Ex. A.

10. Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements"). Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of CBAs remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process. *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). This Court has subject matter jurisdiction over—and thus a defendant may properly remove—any state law claim preempted by Section 301. *Franchise Tax Bd. v. Constr. Laborers*, 463 U.S. 1, 24 (1983); *Allis-Chalmers Corp.*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim . . . or dismissed").

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

11. A Section 301 preemption analysis has two steps:

Step One. Courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (internal citations and quotations omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available CBA exemption – such that there exists no valid underlying state law claim – the Section 301 preemption inquiry is resolved at this first step. If, for example, the CBA exemption in California Labor Code section 514 applies, then Labor Code sections 510 and 511 do not apply and any pleaded overtime claim is necessarily a contractual claim governed by the CBA (due to the application of the exemption in Labor Code section 514). *See, e.g.*, *Giles v. Canus Corp.*, No. 22-CV-03097-MMC, 2022 WL 3370793 (N.D. Cal. Aug. 16, 2022) (applying *Curtis*).

Step Two. If, and only if, there is no preemption found at the first step of the analysis, courts proceed to the second step of the Section 301 preemption analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, even where there is no applicable CBA exemption, Section 301 preemption still applies if the resolution of a Plaintiffs' minimum wage claim (for example) requires interpretation of the CBA. *See Mellon*, 625 F. Supp. 3d at 1014–16 (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks through Article 27"); *Giles*, 2022 WL 3370793, at *6 (holding minimum wage claim preempted because resolving that claim would require an interpretation of terms "actual time worked" and "show-up pay" as used in the CBA).

**A. Plaintiffs' Employment Was Governed by a Collective Bargaining Agreement.**

12. Plaintiff Eddie Moses III was employed by Defendant in an Apprentice (Construction Materials Inspector) position, and Plaintiff David Alvarez was employed by Defendant in a Journeyman (Construction Materials Inspector) position. Declaration of Robert Morse ("Morse Decl.") ¶¶ 4–5. Both Plaintiffs were at all relevant times members of the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Union"), working under the Collective Bargaining Agreement entitled Master Agreement for Testing and Inspection ("CBA") between the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

and the Council of Engineers and Laboratory Employers, the most recent term of which is July 1, 2025 through June 30, 2030, which continues through today. Morse Decl. ¶ 3, Ex. B. The prior agreement, in effect from July 1, 2021 to June 30, 2025, is substantially the same and was in place during Plaintiffs' employment. Morse Decl. ¶ 3, Ex. A. At all relevant times, Defendant was a party to the CBA that governs the terms and conditions of employment for Plaintiffs and other bargaining unit employees. *Id.*

13. Defendant is an employer engaged in an industry affecting commerce within the meaning of the National Labor Relations Act (the "NLRA"). 29 U.S.C. §§ 152(2), (6), (7), and 185(a); Morse Decl. ¶ 3. The Union is a labor organization within the meaning of the NLRA and the LMRA. 29 U.S.C. §§ 152(5), 185(a). The fact that Plaintiffs' Complaint fails to reference the CBA, the LMRA, or the Union is not relevant to the Section 301 preemption analysis. *Curtis*, 913 F.3d at 1152; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021); *Mellon*, 625 F. Supp. 3d at 1013; *Ayon v. Zero Waste Sols., Inc*, No. 220CV02424MCEJDP, 2021 WL 4065716, at *3 (E.D. Cal. Sept. 7, 2021).

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

### B. Plaintiffs' Claim for Unpaid Overtime Wages (First Cause of Action) Is Preempted Under *Step One*.

14. Plaintiffs' claim for failure to pay overtime wages is preempted by Section 301 because Labor Code section 514 applies, which provides an overtime exemption where an employee is "covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Here, the CBA provides for wages, hours of work, expense reimbursement, and working conditions of employees, including premium wage rates for overtime hours. Morse Decl. ¶ 3, Ex. A, §§ 3–5, 7, 8, 11, 23. Further, the CBA provides base hourly rates of pay for employees that is *well* in excess of the applicable California minimum wage. *Id.* § 23. Indeed, Plaintiff Alvarez's base hourly rate in September 2021 was $52.02 per hour, which went up to $58.27 per hour at the time of his separation from employment in April 2024. Morse Decl. ¶ 6. And Plaintiff Moses's base hourly rate at the time of his hire in April 2023 was $29.71 per hour, which went up to $30.95 per hour at the time of his separation from employment in April 2024. Morse Decl. ¶7. Both Plaintiffs were paid wages well in excess of 30 percent more than the state minimum wage. Where, as

here, the Section 514 exemption applies to union-represented plaintiffs, the "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *Liu v. Sealy, Inc.*, No. 2:24-CV-05490-MEMF-AS, 2025 WL 1357280, at *5–6 (C.D. Cal. May 9, 2025) ("Plaintiffs' overtime claim is governed by the CBA, not state law, and their claim is preempted by Section 301" where CBA "provides overtime premium wage rates for all overtime hours worked" and "prescribes regular hourly rates of pay of not less than 30% more than the state minimum wage rates during the claim period"); *Garcia v. Pac. Gas & Elec. Co.*, No. 24-CV-04150-VC, 2024 WL 4209519, at *1 (N.D. Cal. Sept. 17, 2024) (same); *Castaneda v. Ardagh Glass Inc.*, No. 23-CV-03547-HSG, 2024 WL 589088, at *4–5 (N.D. Cal. Feb. 13, 2024) (same); *Lopez v. W. Coast Arborists, Inc.*, No. 2:23-CV-02734 WBS DB, 2024 WL 382368, at *4 (E.D. Cal. Feb. 1, 2024) (same).

**C. Plaintiffs' Claim for Unpaid Meal Period Premiums (Second Cause of Action) Is Preempted Under *Step One*.**

15. Plaintiffs' claim for unpaid meal period premiums is also preempted by Section 301 because the Labor Code section 512(e) exemption applies. The statutory meal period requirements are inapplicable if certain requirements are met, including where, as here, employees are covered by a valid collective bargaining agreement that expressly provides for the wages, hours of work, and working conditions of employees; expressly provides for meal periods; provides final and binding arbitration of disputes concerning the agreement's meal periods; provides premium wages for overtime; and provides a regular hourly rate of pay above California minimum wage. *See* Labor Code § 512(e). As indicated above, the CBA satisfies all those requirements and provides base hourly rates that are well above the applicable California minimum wage. Morse Decl. ¶ 3, Ex. A, §§ 3–5, 7, 19, 23. Because the CBA meets the requirements of Labor Code section 512(e), Plaintiffs' right to meal premiums exists solely as a result of the CBA and is, therefore, preempted under Section 301. *See Curtis*, 913 F.3d at 1155; *Garcia*, 2024 WL 4209519, at *1 (plaintiff's meal period claim preempted by LMRA under first step in *Burnside* because his CBA met requirements of Labor Code section 512(e) and therefore "his right to meal periods exists solely as a result of his CBA"); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021) (same); *accord Lopez*, 2024 WL 382368, at *5; *Plagakis v. Outsource Util. Contractor Corp.*, No. 1:23-CV-00798-CDB, 2023 WL 8602161, at *5 (E.D. Cal. Dec.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

12, 2023); *Josephson v. Lamon Constr. Co., Inc.*, No. 2:23-CV-00043-DAD-AC, 2023 WL 9183255, at *5 (E.D. Cal. Dec. 8, 2023).

**D. Plaintiffs' Claim for Unpaid Minimum Wages (Fourth Cause of Action) Is Preempted Under *Step One* and *Step Two*.**

16. Plaintiffs' minimum wage claim is preempted for the same reason as Plaintiffs' overtime claim. *See Chavez v. Smurfit Kappa N. Am. LLC*, No. 2:18-CV-05106-SVW-SK, 2018 WL 8642837, at *4 (C.D. Cal. Oct. 17, 2018) (holding that a minimum wage claim, which could only arise out of plaintiff's preempted overtime claim, was also preempted under Section 301). Specifically, Plaintiffs use the same alleged factual bases for the minimum wage and overtime claims, i.e., Plaintiffs allege that the work time recorded by them and others was rounded unfairly, resulting in unpaid overtime and minimum wages. *See* Compl. ¶¶ 34, 45. Therefore, the minimum wage claim clearly arises out of and depends on the overtime claim.

17. In the alternative, Plaintiffs' minimum wage claim is preempted under *Step Two* because interpretation of the various provisions of the CBA requiring pay for all hours worked is required to resolve the minimum wage claim. *See* Morse Decl. ¶ 3, Ex. A, §§ 3–5, 7, 23; *see also Rodriguez*, 2022 WL 161892, at *5 (finding, where plaintiff alleged "defendant failed to pay minimum wages for off-the-clock activity," resolution of minimum wage claim required, "[a]t minimum, . . . interpretation of CBA terms such as 'actual hours worked' and 'show up expenses'"); *Giles*, 2022 WL 3370793, at *6 (minimum wage claim preempted because resolving that claim would require interpretation of contractual terms "actual time worked" and "show-up pay"); *Mellon*, 625 F. Supp. 3d at 1014–16 (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks").

18. In any event, if the Court finds that any portion of Plaintiffs' minimum wage claim is not preempted, the Court has supplemental jurisdiction because any non-preempted claims form part of the same case or controversy as the preempted claims. *See Gay v. Pac. Steel Grp.*, No. 20-CV-08442-HSG, 2021 WL 2917095, at *3 (N.D. Cal. June 15, 2021) (finding supplemental jurisdiction for minimum wages, unpaid wages, final wages not timely paid, non-compliant wage statements, failure to keep

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

requisite payroll records, unreimbursed business expenses, and Business and Professions Code section 17200 claims when overtime, meal period, and rest period claims were preempted).

**E. Plaintiffs' Claim for Unreimbursed Business Expenses (Ninth Cause of Action) Is Preempted Under *Step Two*.**

19. Plaintiffs vaguely allege Defendant violated Labor Code section 2802 as follows: "Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by [Defendant]." Jenkins Decl. ¶ 3; Ex. A ¶ 114. Plaintiffs' Complaint provides no further detail or information to support their purported claim for unreimbursed expenses.

20. Section 301 preemption applies to Plaintiffs' Labor Code section 2802 claim because this "state law right is substantially dependent on analysis of the CBA." *See Curtis*, 913 F.3d at 1153. Case law provides ample guidance for a situation such as this, where a union-represented plaintiff makes broad and vague expense reimbursement allegations, and the applicable CBA contains a raft of relevant expense reimbursement provisions. *See, e.g.*, *Rodriguez*, 2022 WL 161892, at *4–5 (Section 301 preemption applied to expense reimbursement claims for, among other things, cell phone, mileage, and gas costs, and reasoning: "[T]he failure to pay business expenses . . substantially depends on an analysis of the CBA. The plaintiff claims an entitlement to reimbursement for purchasing mandatory work uniforms, safety equipment, laundering uniforms, mileage and gas costs, use of cell phones, and tools. The CBA provides for reimbursable expenses for mileage and gas, and the terms about mileage and routes require analysis and interpretation. Similarly, . . . it provides for workers to furnish some equipment and the employer to provide housing for certain equipment and safety equipment. It describes employees' entitlement to protective clothing and equipment if they work with caustic substances. Resolution of the claim turns on the analysis of the CBA and interpretation of its terms, and the LMRA thus preempts these claims that are substantially dependent on analysis of the CBA."); *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV 20-00309 JVS (JDEX), 2020 WL 1934958, at *6 (C.D. Cal. Apr. 22, 2020) (finding Section 301 preemption of cell phone expense reimbursement claim where CBA included language regarding the purchase of tools necessary to complete the work).

21. The subject CBA contains numerous provisions concerning expense reimbursement. *See, e.g.*, Morse Decl. ¶ 3, Ex. A, §§ 08.01.01 (reimbursement of personal technology costs), 11.03.01

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

(reimbursement of meal allowance), 11.04.00 (reimbursement of personal vehicle usage). As in *Rodriguez* and *Linebarger*, this claim is preempted by Section 301 because the resolution of Plaintiffs' expense reimbursement claims requires interpreting and applying the various CBA provisions regarding expense reimbursement.

**F. Plaintiffs' Derivative Claims Are Preempted Under *Step One*.**

22. Plaintiffs' claims for unpaid rest period premiums, failure to maintain accurate employment records, untimely payment of wages during employment, failure to pay all wages due upon separation (waiting time penalties), wage statement violations, and unfair competition are derivative of claims that are preempted under Section 301. *See* Compl. ¶¶ 18–52, 73–81, 88–111, 117–23. These derivative claims are preempted under Section 301 for this reason. *Castaneda v. Ardagh Glass Inc.*, No. 23-CV-03547-HSG, 2024 WL 589088, at *6 n.4 (N.D. Cal. Feb. 13, 2024) (plaintiff's claims for unfurnished wage statements and section 17200 were preempted since they were derivative of his preempted overtime claim); *Williams v. Securitas Sec. Servs. USA, Inc.*, No. 23-CV-01863-LB, 2023 WL 5310937, at *7 (N.D. Cal. Aug. 16, 2023) ("The derivative claims for failure to provide accurate statements and a violation of the UCL (claims five and six) are preempted because they depend on the preempted claims."); *Giles*, 2022 WL 3370793, at *6 (finding plaintiffs' minimum wage, overtime, and meal period claims were preempted by the LMRA and consequently that his derivative wage statement, waiting time, wrongful termination, and UCL claims were also preempted by the LMRA); *Rodriguez*, 2022 WL 161892, at *6 ("[T]he derivative claims for waiting time penalties, failure to pay final wages in violation of Cal. Labor Code § 203, failure to provide accurate [wage] statements, and the UCL claim . . . depend on the outcome of the other claims. Those underlying claims require analysis and interpretation of the CBA" and are thus preempted).

**G. All of Plaintiffs' Claims Allege Violations of the CBA, and Thus, All of Plaintiffs' Claims Are Preempted Under *Step One* and *Step Two*.**

23. All of Plaintiffs' claims are preempted: The wages, hours of work, and working conditions of Plaintiffs' employment were governed by the CBA, which necessarily means all of Plaintiffs' claims allege violations of the CBA. All disputes concerning the interpretation or application of the CBA must be pursued through the grievance procedures in section 19. Morse Decl. ¶ 3, Ex. A, § 19. Specifically,

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

the Court must determine whether Plaintiffs were required to exhaust the grievance procedures under the CBA, whether they did in fact exhaust those procedures (and if not, whether their claims are precluded), and whether the CBA provides for final and binding arbitration of their claims. Each of these questions is reserved for federal courts under Section 301. *Curtis*, 913 F.3d at 1152. Therefore, all of Plaintiffs' claims are preempted.

**H. The Court Has Supplemental Jurisdiction Over Any Claims That Are Not Preempted Under Section 301.**

24. If this Court finds that any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367, as all claims in the Complaint are sufficiently related to form part of the same case or controversy under Article III of the United States Constitution. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850 (9th Cir. 2004) ("Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). *See Giles*, 2022 WL 3370793, at *7 (finding plaintiff's wage statement claim derivative of his minimum wage, overtime, and meal period preempted claims and thus likewise preempted by the LMRA); *see also Liu*, 2025 WL 1357280, at *6 (holding overtime claim preempted under LMRA and finding supplemental jurisdiction existed over plaintiffs' remaining claims for minimum wage, missed meal and rest periods, failure to indemnify employment expenses, waiting time penalties, and unfurnished wage statements, as those claims "derive from the same common nucleus of operative fact"); *Josephson*, 2023 WL 9183255, at *5 (finding plaintiff's missed meal period claims preempted under LMRA and exercising supplemental jurisdiction over remaining claims of unpaid minimum wages, missed rest periods, unfurnished wage statements, waiting time penalties, failure to reimburse under Labor Code section 2802, and unfair competition under Business and Professions Code section 17200, because remaining claims "arise from the same working conditions and relationship with defendant as plaintiff's [preempted] claims for failure to provide required meal periods"); *Rodriguez v. Sukut Constr., Inc.*, No. 1:22-cv-01181-CDB, 2022 WL 17547526, at *8 (E.D. Cal. Dec. 9, 2022) (exercising supplemental jurisdiction after finding that the plaintiff's overtime and meal break claims were preempted "to avoid needless expense of judicial resources and the potential for inconsistent

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

judgments due to parallel proceedings"); *Blackwell v. Com. Refrigeration Specialists, Inc.*, No. 2:20-cv-01968-KJM-CKD, 2021 WL 2634501, at *5 (E.D. Cal. June 25, 2021) (exercising supplemental jurisdiction over "other wage and hour violations . . . which arise out of the same employment relationship that gave rise to plaintiff's meal period and overtime claims," which were found to be preempted).

## CONCLUSION

For the reasons provided herein, Defendant hereby removes this action from the California Superior Court, in and for the County of Contra Costa, to the United States District Court, Northern District of California. Defendant respectfully requests that this Court retain jurisdiction for all further proceedings.

Dated: December 10, 2025

LITTLER MENDELSON, P.C.

*/s/ Na Rae Kim*
NATHANIEL H. JENKINS
NA RAE KIM
Attorneys for Defendant

QUALITY ASSURANCE ENGINEERING, INC., doing business as CONSOLIDATED ENGINEERING LABORATORIES (ERRONEOUSLY SUED AS CONSOLIDATED ENGINEERING LABORATORIES)

4926-1105-7275 / 125419.1025

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200