UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID ALVAREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED ENGINEERING LABORATORIES,<br><br>Defendant. | Case No.  25-cv-10576-SK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Regarding Docket No. 13 |

This matter comes before the Court upon consideration of a motion to remand filed by Plaintiffs David Alvarez and Eddie E. Moses (collectively, "Plaintiffs").  (Dkt. No. 13.)  All parties have consented to the jurisdiction of the undersigned.  (Dkt. Nos. 10, 12.)  Upon careful consideration of the parties' papers, relevant legal authority, case record, and oral argument, the Court GRANTS Plaintiffs' motion to remand for the reasons set forth below.

**BACKGROUND**

Plaintiffs filed this putative class action against Defendant Quality Assurance Engineering, Inc., doing business as Consolidated Engineering Laboratories ("Defendant") and Doe Defendants 1-100 in Contra Costa County Superior Court, alleging violations of California's Labor and Business Codes.[1] (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint.)  Plaintiffs filed suit on behalf of current and former hourly-paid or non-exempt employees who worked for Defendant within the

---

[1] Defendant indicates that it was erroneously sued as "Consolidated Engineering Laboratories." (Dkt. No. 1, Notice of Removal, p. 1.)  At oral argument, Plaintiffs confirmed that the Doe Defendants are "unknown," and that they did not serve any Doe Defendants.  Thus, the Doe Defendants did not need to consent to or join Defendant's removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 & n.1 (9th Cir. 1988) (noting that only known defendants and those "properly joined and served in the action" must join in the petition for removal) (internal citations omitted).

State of California between September 11, 2021 and final judgment of this action. (*Id.* ¶ 14.)

The following factual allegations from Plaintiffs' complaint are accepted as true for purposes of this motion. Alvarez worked for Defendant between September 2021 and April 2024 as an hourly-paid, non-exempt employee. (*Id.* ¶ 19.) Moses worked for Defendant between April 2023 and April 2024 as an hourly-paid, non-exempt employee. (*Id.* ¶ 20.) Plaintiffs bring ten causes of action under California's Labor and Business Codes:

(1)  failure to pay overtime in violation of Cal. Lab. Code §§ 510 and 1198;
(2)  failure to provide meal periods in violation of Cal. Lab. Code §§ 226.7 and 512(a);
(3)  failure to provide rest periods in violation of Cal. Lab. Code § 226.7;
(4)  failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1;
(5)  failure to timely pay final wages upon termination of employment in violation of Cal. Lab. Code §§ 201–202;
(6)  failure to timely pay wages during employment in violation of Cal. Lab. Code § 204;
(7)  failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226(a);
(8)  failure to keep requisite payroll records in violation of Cal. Lab. Code § 1174(d);
(9)  failure to reimburse business expenses in violation of Cal. Lab. Code §§ 2800 and 2802;
(10) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

(*Id.* ¶¶ 53–123.)

On September 11, 2025, Plaintiffs commenced this action against Defendant in Contra Costa County Superior Court. (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint.) On October 20, 2025, Plaintiffs served a Notice and Acknowledgment of Receipt, Summons, and Complaint on Defendant pursuant to California Code of Civil Procedure § 415.30. (Dkt. No. 1-1, Jenkins Decl., Ex. B.) On November 10, 2025, Defendant signed and returned the Notice and Acknowledgment of Receipt form to Plaintiffs, thereby completing service.[2] (Dkt. No. 1-1, Jenkins Decl., Ex. C.)

On December 10, 2025, Defendant timely removed this action, asserting federal question subject matter jurisdiction on the grounds Plaintiffs claims are preempted by § 301 of the Labor

---

[2] *See Varga v. United Airlines*, No. C 09-02278 SI, 2009 WL 2246208, at *3 (N.D. Cal. July 24, 2009) ("Service is complete on the date the notice form is executed, provided that it is returned to the sender.") (citing Cal. Code Civ. Pro. §§ 415.30(a), (c)); *Nat'l Foam, Inc. v. Zurich Am. Ins. Co.*, No. 23-CV-03873-LB, 2023 WL 7164914, at *3 (N.D. Cal. Oct. 30, 2023) (concluding that service is complete under California Code Civil Procedure § 415.30(c) when the notice and acknowledgment is executed) (citing Cal. Code Civ. Pro. §§ 415.30(c)).

United States District Court
Northern District of California

Management Relations Act ("LMRA"), and that this Court has supplemental jurisdiction over non-preempted claims. (Dkt. No. 1, Notice of Removal ("NOR"), pp. 2, 11.) Defendant contends that Plaintiffs were members of the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO and that the terms of their employment were covered by a Collective Bargaining Agreement ("CBA"). (Dkt. No. 1, NOR, p. 5.) At oral argument, Plaintiffs indicated that Alvarez was a union member throughout his employment and Moses was a union member for a portion of his employment.

Plaintiffs moved to remand pursuant to 28 U.S.C. § 1447, asserting that this Court lacks subject matter jurisdiction because their state law claims are not preempted by Section 301.[3] (Dkt. No. 13, p. 2.) Defendant filed an opposition, and Plaintiffs filed a reply in support of its motion to remand. (Dkt. Nos. 14, 16.) On February 23, 2026, the Court heard oral argument and ordered Plaintiffs to file a supplemental statement. (Dkt. Nos. 20.) On March 2, 2026, Plaintiffs filed their supplemental statement disclaiming all claims under the CBA. (Dkt. No. 25.)

### ANALYSIS

I.    **Legal Standards: Motion to Remand for Lack of Subject Matter Jurisdiction and LMRA § 301 Preemption.**

A defendant may remove a suit filed in state court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Indeed, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Id.*

---

[3] In support of its motion to remand, Plaintiffs filed a declaration and their operative complaint as an exhibit. (Dkt. No. 13-1.) The Court construes Plaintiffs' filings as requests for judicial notice. Defendant did not oppose Plaintiffs' requests. The Court **DENIES** Plaintiffs' requests for judicial notice because Plaintiffs' complaint is already before the Court as an exhibit to Defendant's notice of removal. *See* (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint); *Reynoso v. Recology Inc.*, No. 25-CV-07122-TSH, 2025 WL 2816604, at *5 (N.D. Cal. Oct. 3, 2025) (declining to take judicial notice of documents already before the court).

(citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up).

Federal courts have original jurisdiction if the complaint involves a federal question, but such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule governs whether a case is removable under federal-question jurisdiction.  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28 (1983).

"It is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar*, 482 U.S. at 393 (emphasis in original) (internal citation omitted).  Thus, federal pre-emption, ordinarily raised as a defense, does not itself serve as a basis for federal-question jurisdiction.  *Id.*

Under the "complete pre-emption doctrine," however, "the pre-emptive force of [certain state] statute[s] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' "  *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  Therefore, any claim based on "an area of state law [that] has been completely pre-empted, … is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.* (citation omitted).

Section 301 of the LMRA, for instance, preempts "any state cause of action for violation of contracts between an employer and a labor organization."  *Franchise Tax*, 463 U.S. at 23 (quotation marks omitted).  While "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court," *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019), Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

In the Ninth Circuit, "§ 301 preempts a plaintiff's state law claim only where the claim (1) 'arises entirely from' a collective bargaining agreement or (2) 'requires interpretation of' the agreement." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc)). The Ninth Circuit employs the two-part *Burnside* test to determine whether § 301 preempts a plaintiff's state law claim. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

At step one, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law or a CBA. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). "If the right exists solely as a result of the CBA, then the claim is preempted [at step one], and [the] analysis ends there." *Id.* (citation and quotation marks omitted).

If the right at issue does not arise entirely from the CBA, at step two, courts "ask whether litigating the state law claim nonetheless requires interpretation of a CBA." *Id.* (citation and quotation marks omitted). Importantly, "[c]laims are only preempted at step two to the extent there is an active dispute over the meaning of contract terms." *Id.* (citation and quotation marks omitted).

In applying the two-step *Burnside* test, a court may consider documents that are extrinsic to the complaint. *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.")[4]

---

[4] In support of its opposition to Plaintiffs' motion to remand, Defendant requests that the Court take judicial notice of California minimum wage orders for 2024 (Ex. 1) and 2026 (Ex. 2), which are published on the State of California Department of Industrial Relations' website. (Dkt. No. 15.) Plaintiffs do not oppose Defendant's requests. A court may take judicial notice of a fact "not subject to reasonable dispute" because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court **GRANTS** Defendant's requests and takes judicial notice of this "undisputed and publicly available information displayed on government websites." *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018).

## II.   Plaintiffs' Motion to Remand.

Defendant removed this action on the grounds that Plaintiffs' ten claims are preempted by § 301 of the LMRA.  (Dkt. No. 1, NOR, pp. 6–11.)  Specifically, Defendant contends that: (1) Plaintiffs' first, second, and fourth causes of action are preempted at step one of the *Burnside* test due to Labor Code exemptions and that Plaintiffs' third, fifth, sixth, seventh, eighth, and tenth causes of action are "derivative" claims also preempted at step one; (2) Plaintiffs' fourth and ninth causes of action are preempted at step two; (3) Plaintiffs' ten causes of action are preempted under the applicable CBA grievance procedure; and (4) this Court has supplemental jurisdiction over claims that are not preempted under Section 301.  (*Id.*)  Plaintiffs move to remand on the ground that this Court lacks subject matter jurisdiction because their state law claims are not preempted by § 301.  (Dkt. No. 13, p. 2.)

### A.   Step One: Plaintiffs' rights under causes of action I-VIII and X exist independently from the CBAs.

At step one, the "essential inquiry" is whether "the claim seek[s] purely to vindicate a right or duty created by the CBA itself[.]  If so, then the claim is preempted [at step one], and the analysis ends there." *Curtis*, 913 F.3d at 1152 (cleaned up).  If, however, a claim involves a right conferred upon an employee by state law, the claim is not preempted at step one.  *See Renteria-Hinojosa*, 150 F.4th at 1089 (citation and quotation marks omitted).  "The collective bargaining agreement must be the 'only source' of the right the plaintiff seeks to vindicate." *Id.* at 1088–89 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)).

On the face of the Complaint, Plaintiffs bring their claims for overtime, meal periods, rest periods, minimum wages, timely final wages upon termination of employment, timely wages during employment, accurate itemized wage statements, requisite payroll records, and unfair business practices under California Labor Code sections, Industrial Welfare Commission ("IWC") Wage Orders, and California Business Code sections.  (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint, ¶¶ 53–111, 117–123.)  Defendant nevertheless argues that Plaintiffs' overtime, meal period, and minimum wage claims exist solely under CBAs because Labor Code §§ 514 and 512(e), exemption statutes, apply to Plaintiffs' claims.  (Dkt. No. 1, NOR, pp. 6–8.)  Separately,

Defendant asserts Plaintiffs' claims for rest periods, timely final wages upon termination of employment, timely wages during employment, accurate itemized wage statements, requisite payroll records, and unfair business practices are "derivative" claims preempted under step one. (*Id.* at p. 10.)  The Court addresses each of Defendant's arguments in turn.

### 1.    Labor Code § 514 does not apply to Plaintiffs' overtime claim.

Plaintiffs bring their overtime claim pursuant to California Labor Code §§ 510, 1198 and IWC Wage Orders.  (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint, ¶¶ 53–61.)  Defendant contends that, because Labor Code § 514 applies to Plaintiffs' overtime claim, Plaintiffs' claim is preempted by Section 301 of the LMRA at step one.  (Dkt. No. 1, NOR, pp. 6–7.)

Labor Code § 514 provides:

> Section[ ] 510 … do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and the agreement provides premium wage rates for all overtime hours worked and a regularly hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.

In *Curtis*, the Ninth Circuit explained that, if the applicable CBA "meet[s] the requirements of section 514, [the employee's] right to overtime exists solely as a result of the CBA and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154 (internal citation and quotation marks omitted). Notably, because Section 514 is an exemption, which is considered an affirmative defense, "[the] [d]efendant bears the burden of demonstrating that the requirements of section 514 are satisfied." *Nordman v. Bon Appetit Mgmt. Co.*, No. 23-cv-00703-DMR, 2023 WL 3006563, at *3 (N.D. Cal. Apr. 18, 2023) (citing *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794 (1999)); *see also Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal. App. 4th 555, 562 (1995) ("The employer bears the burden of proving an employee is exempt" under an applicable IWC order).

Here, Plaintiffs argue that they are not covered by a valid bargaining agreement, which is the threshold requirement under Section 514.  Specifically, Plaintiffs contend that Defendant has not established that Plaintiffs, putative class members, and Defendant were part of a union that signed the purported applicable CBAs.  (Dkt. No. 13, pp. 11–12.)  Defendants assert that two CBAs

7

between the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Union") and the Council of Engineers and Laboratory Employers (the "Council") cover Plaintiffs' employment.  (Dkt. No. 14, p. 11.)  Defendant included copies of two CBAs in its notice of removal, the first—Exhibit A—was in effect from July 1, 2021 to June 30, 2025, and the second CBA—Exhibit B—is in effect from July 1, 2025 to June 30, 2030.  (Dkt. No. 1, Morse. Decl., Exs. A–B.)

Defendant argues that the CBAs only include signatures from the Union and Council and that "[i]n master agreements such as this, the "Employers" council represents current and future "members," and such members are not required to sign the CBAs and did not do so here, because the Council signs on their behalf." (Dkt. No. 14, p. 11 (citing Dkt. No. 1, Morse Decl., Ex. A,  2021-2025 CBA § 01.02.00 providing that "[t]he term 'Individual Employer' as used herein shall refer to any person or entity who is now, or during the term of this Agreement may become, a member of the Employer.").)  Robert Morse, the President of Consolidated Engineering Laboratories, declared that Defendant "has been a continuous 'member' of [the Council] during the time period the two CBAs have been in effect" and that Defendant "is an 'individual Employer' as set forth in Section 1.02.00 of each of the applicable CBAs."  (Dkt. No. 14-1, Supplemental Morse Decl. ¶ 5.)  Mr. Morse also declared that Plaintiffs' employment with Defendant during the relevant period were covered by the two CBAs.  (Dkt. No. 1-2, Morse Decl., ¶¶ 4–5.)

Because Defendant provided evidence that Plaintiffs were covered by a CBA, the Court concludes that Plaintiffs were covered by a CBA during their employment.  *Cf. Sermeno v. Int'l Paper Co.*, No. 8:25-CV-02610-AH-(MARX), 2026 WL 181538, at *3 (C.D. Cal. Jan. 22, 2026) (finding that because the defendant failed to allege or provide evidence that the plaintiff was covered by a CBA, the plaintiff's overtime claim involved a right conferred by state law, not a CBA).

In addition, at this stage of the litigation, Defendant is not required to produce CBAs covering all putative class members to establish Section 301 preemption.  In determining whether this Court has jurisdiction over Plaintiffs' claims, the only relevant CBA is the CBA governing the named plaintiffs' employment.  *See Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) ("The usual rule in class actions is that to establish subject matter

8

jurisdiction one looks only to the named plaintiffs and their claims.") (citation and quotation marks omitted); *Radford v. Nexstar Broad., Inc.*, No. 24-CV-08118-RFL, 2025 WL 829601, at *2 (N.D. Cal. Mar. 14, 2025) (concluding that the only relevant CBA is the CBA governing the named plaintiffs' employment).

The Court finds, however, that Plaintiffs' overtime claim arises exclusively from rights conferred by state law and is thus not preempted at step one. *Renteria-Hinojosa*, 150 F.4th at 1089 (concluding that the plaintiff's overtime claim was not preempted at step one because the plaintiff brought her overtime claim pursuant to state law—Labor Code § 510); *Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4 (N.D. Cal. Dec. 18, 2025) (concluding, in relevant part, that a § 510 overtime claim was not preempted under step one because the claim arose from rights conferred by state law); *Leonard v. Boeing Co., Inc.*, No. C25-1551JLR, 2026 WL 319081, at *6 (W.D. Wash. Feb. 6, 2026) (concluding that the LMRA did not preempt the plaintiff's claim at step one because the CBA was not the only source of the right at issue). For a state law claim to be preempted at step one, the CBA must the "only source" of the right underlying the claim. *See id.* (citation omitted). Here, Plaintiffs bring their overtime claim pursuant to California Labor Code §§ 510, 1198 and IWC Wage Orders. (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint, ¶¶ 53–61.) Plaintiffs do not bring their overtime claim pursuant to any CBA. More importantly, Plaintiffs disclaimed all claims under the CBA and indicated that they assert all their claims exclusively under state law. (Dkt. No. 25, p. 2.)

Moreover, the applicability of Labor Code § 514 is an affirmative defense that cannot serve as the basis of removal jurisdiction when Plaintiffs have brought their claims exclusively under state law and disclaim all claims under the CBA. *See Renteria-Hinojosa*, 150 F.4th at 1092–93 ("[I]f a plaintiff's claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense. ... Although [Defendant] does not label its arguments as 'defenses,' that is what they are."). To be sure, the Supreme Court has emphasized that Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas*, 512 U.S. at 123.

/ / /

9

***

In sum, because Plaintiffs' overtime claim does not arise exclusively from the CBAs, Plaintiffs' overtime claim is not preempted at step one.

**2.      Labor Code § 514 does not apply to Plaintiffs' minimum wage claim.**

Plaintiffs bring their minimum wage claim pursuant to California Labor Code §§ 1194, 1197, and 1197.1. (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint, ¶¶ 82–87.) Defendant argues that Plaintiffs' minimum wage claim is preempted because it rests on the same factual allegations as their overtime claim. (Dkt. No. 1, NOR, p. 6.)

The Court concludes that Plaintiffs' minimum wage claim is not preempted at step one. First, claims related to the failure to pay minimum wages have independent bases in state law. *See Renteria-Hinojosa*, 150 F.4th at 1089 (concluding that because the plaintiff's minimum wage claim arose from rights conferred by state law, the plaintiff's claim was not preempted at step one) (internal citation and quotation marks omitted); *Padilla v. W. Traffic Control, Inc.*, No. 25-CV-07642-RS, 2025 WL 2961801, at *3 (N.D. Cal. Oct. 20, 2025) (finding that because claims related to minimum wages have independent bases in state law, they are not preempted under Section 301) (citing *Renteria-Hinojosa*, 150 F.4th at 1089). The fact that Plaintiffs' minimum wage claim may rest on the same factual allegations as their overtime claim is of no consequence because as explained below, Plaintiffs' overtime time claim is not preempted under Section 301. *See Carrillo v. Monterey Mech. Co.*, No. 24-CV-09202-LJC, 2025 WL 2615064 (N.D. Cal. Sept. 10, 2025) (concluding that a minimum wage claim is not preempted despite it resting on the same facts as an overtime claim because the court determined that the overtime claim was not preempted).

Second, as explained above, Labor Code § 514 is an affirmative defense that cannot serve as the basis of removal jurisdiction when Plaintiffs have brought their claims exclusively under state law and disclaim all claims under the CBA. Thus, because Plaintiffs' minimum wage claim does not arise exclusively from the CBAs, Plaintiffs' minimum wage claim is not preempted at step one.

**3.      Labor Code § 512(e) does not apply to Plaintiffs' meal period claim.**

Plaintiffs bring their meal period claim pursuant to California Labor Code §§ 226.7, 512(a) and IWC Wage Orders. (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint, ¶¶ 62–72.) Defendant

United States District Court
Northern District of California

10

contends that Labor Code § 512(e), the exemption statute for § 512(a) meal periods, applies to Plaintiffs' claim and thus, Plaintiffs' meal period claim is preempted.  (Dkt. No. 1, NOR, pp. 7–8.)

Labor Code Section 512(e) provides:

Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:

(1) The employee is covered by a valid collective bargaining agreement.

(2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code § 512(e).

Defendant argues that the CBAs satisfy § 512(e)'s requirements because (1) the employees are covered by a valid CBA, and (2) the CBAs provide for wages, hours of work, working conditions of employees, meal periods, final and binding arbitration of disputes concerning the agreement's meal periods, premium wages for overtime, and a regular hourly rate of pay above California's minimum wage.  (Dkt. No. 1, NOR, pp. 7–8)  Defendant asserts that, because the CBA meets § 512(e)'s requirements, Plaintiffs' right to meal premiums exist solely as a result of the CBA and are therefore preempted under Section 301.  (*Id.*)

The Court concludes that Plaintiffs' meal period claim is not preempted at step one.  First, the applicability of Labor Code § 512(e), like § 514, is an affirmative defense that cannot serve as the basis of removal jurisdiction when Plaintiffs have brought their claims exclusively under state law and disclaim all claims under the CBA.  *See Renteria-Hinojosa*, 150 F.4th at 1092–93 ("[I]f a plaintiff's claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense. ... Although [Defendant] does not label its arguments as 'defenses,' that is what they are.").

Second, Plaintiffs bring their meal period claim solely under state law and disclaim all claims under the CBA.  (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint, ¶¶ 62–72; Dkt. No. 25, p. 2.); *Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4 (N.D. Cal.

Dec. 18, 2025) (concluding, in relevant part, that § 512 meal period claim was not preempted at step one because the claim arose from rights conferred by state law).

Lastly, Defendant has not established that Plaintiffs meet one of the enumerated employee categories in § 512(f), as required by Section 512(e). *See* Cal. Lab. Code § 512(f). Because Defendant fails to meet § 512(e)'s requirements, the Court finds that the § 512(e) exemption does not apply to Plaintiffs' meal period claim brought pursuant to Labor Code §§ 226.7[5] and 512(a). *Cf. Ramirez v. Anvil Builders, Inc.*, 2024 WL 4266754 *5–6 (N.D. Cal. Sept. 23, 2024) (granting partial summary judgment on Section 512 and Section 226.7 claims because the employee was exempt under Section 512(e) and the applicable wage order).

***

The Court, therefore, concludes that Plaintiffs' claim for failure to pay meal period premiums is not preempted at step one.

### 4. Plaintiffs' rights under causes of action III, V-VIII, and X exist independently from the CBAs and thus, not preempted at step one.

Defendant argues that Plaintiffs' third, fifth, sixth, seventh, eighth, and tenth causes of action are preempted at step one of the *Burnside* test. (Dkt. No. 1, NOR, p. 10.) Defendant contends that these claims are "derivative" of claims that are preempted under Section 301 and therefore also preempted. (*Id.*)

Plaintiffs brought their causes of action pursuant to the following California Labor Codes, Business Codes, and applicable IWC Wage Orders: (3) failure to provide rest periods in violation of Cal. Lab. Code § 226.7 and IWC Wage Orders; (5) failure to timely pay final wages upon termination of employment in violation of Cal. Lab. Code §§ 201–202; (6) failure to timely pay wages during employment in violation of Cal. Lab. Code § 204; (7) failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226(a);  (8) failure to keep requisite payroll records in violation of Cal. Lab. Code § 1174(d); and (10) unfair business practices in

---

[5] California Labor Code § 226.7(e), the exemption statute for claims brought pursuant to Section 226.7, provides: "[t]his section shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including, but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(e). Defendant did not reference § 226.7(e) in its opposition or notice of removal.

United States District Court
Northern District of California

violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*.  (Dkt. No. 1-1, Jenkins Decl., Ex. A, Complaint ¶¶ 73–81, 88–111, 117–123.)

First, in regard to Plaintiffs' rest period and accurate itemized wage statement claims, the Court finds that Plaintiffs seek to vindicate rights created by state law, not a CBA.  *See Renteria-Hinojosa*, 150 F.4th at 1089 (concluding that because the plaintiff asserted violations of California statutes—§ 226.7 rest periods and § 226 accurate itemized wage statements—the plaintiff's claims did "not arise exclusively from the CBAs, but rather from rights conferred by state law") (internal citation and quotation marks omitted).

Additionally, because the Court finds that Plaintiffs' first, second, third, fourth, and seventh causes of action are not preempted at step one, the purported "derivative" causes of action are also not preempted at step one.  *See Leiva v. K.W. Emerson, Inc.*, No. 2:25-CV-01956-CSK, 2025 WL 3754128, at *6 (E.D. Cal. Dec. 29, 2025) (finding remaining derivative claims—timely final wages and unfair business practices—not preempted after finding minimum wage and rest period claims not preempted under Section 301) (internal citation omitted).

***

The Court, therefore, concludes that Plaintiffs' claims for rest periods, timely final wages upon termination of employment, timely wages during employment, accurate itemized wage statements, requisite payroll records, and unfair business practices are not preempted at step one.

**B.    Step Two: Plaintiffs' rights under causes of action I-X do not require interpretation of the CBAs.**

Because Plaintiffs' asserted rights under causes of action I-VIII and X do not arise entirely from CBAs, the Court must proceed to the second step of the preemption analysis.  At step two of the *Burnside* test, the pertinent question is "whether litigating the state law claim ... requires interpretation of a CBA."  *Alaska Airlines Inc.*, 898 F.3d at 921.  Claims are only preempted at step two if "there is an *active dispute* over the meaning of contract terms."  *Renteria-Hinojosa*, 150 F.4th at 1089 (emphasis added) (internal citation and quotation marks omitted).  Indeed, "[a] hypothetical connection between the claim and the terms of the CBA is not enough to preempt the

United States District Court
Northern District of California

13

claim ... [n]or is it enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language." *Id.* (internal citation and quotation marks omitted).

Here, Defendant argues that Plaintiffs' minimum wage (cause of action IV) and unreimbursed business expense (cause of action IX) claims are preempted at step two because the Court must interpret various provisions of the CBA to resolve Plaintiffs' claims. (Dkt. No. 1, NOR, pp. 8–10.) In regard to Plaintiffs' minimum wage claim, Defendant contends that the CBA contains provisions regarding "show-up" and "report time" pay, minimum daily pay guarantees, premium rates, notification requirements, and "standby pay," including multiple thresholds, exceptions, and employer/employee obligations. (Dkt. No. 14, pp. 30–31.) Determining whether and how show-up, minimum, or standby pay must be provided, Defendant argues, requires interpreting potentially ambiguous CBA provisions – such as what constitutes 'show-up time,' when premium rates apply, how notification and contact requirements are satisfied, and the calculation of standby pay. (*Id.* at p. 31 (citing Dkt. No. 1, Morse Decl., Ex. A, 2021-2025 CBA § 5).)

Defendant, in regard to Plaintiffs' unreimbursed business expense claim, similarly, argues that the CBA contains provisions regarding business expense reimbursements. (Dkt. No. 1, NOR, pp. 9–10.) Specifically, Defendant asserts that the CBA contains reimbursement provisions related to technology costs, equipment, meal allowances, personal vehicle usage, travel, subsistence, mileage, work at distant locations, including multiple thresholds, employer discretion, and options for room and board. (*Id.* (citing Dkt. No. 1, Morse Decl., Ex. A, 2021-2025 CBA § 8.01, 11.03, and 11.04); Dkt. No. 14, p. 31.) The CBA also allegedly "describes employees' entitlement to protective clothing and equipment if they work with caustic substances." (Dkt. No. 1, NOR. p. 9.) Defendant suggests that determining whether and how unreimbursed business expenses must be paid requires interpreting potentially ambiguous CBA provisions, such as what constitutes a "distant location," when subsistence or travel payments are owed, and how employer discretion is exercised. (*Id.* (citing Morse Decl., Ex. A, 2021-2025 CBA §§ 11.01–11.03.)

The Court concludes that Defendant has not identified an "active dispute over the meaning" of CBA provisions that would require the Court to interpret CBA provisions to address

United States District Court
Northern District of California

Plaintiffs' minimum wage and business expense reimbursement claims. *Schurke*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124); *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the collective bargaining agreement in mounting a defense … A reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms.") (internal citations, brackets, and quotation marks omitted). Plaintiffs' Complaint asserts all claims under state law and does not assert any rights under the CBA. To be sure, Plaintiff disclaimed any claims under the CBA and indicated that they assert all their claims exclusively under state law. (Dkt. No. 25, p. 2.)

Furthermore, Defendant has not established that the Court must go beyond referencing the CBA to address Plaintiffs' minimum wage and business expense reimbursement claims. *See Livadas*, 512 U.S. at 124 ("when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). To the extent the Court may reference the CBA does not necessarily convert the claim into one that requires interpretation of the CBA. *See Curtis*, 913 F.3d at 1153. Indeed, "reliance on and reference to CBA-established or CBA-defined terms of employment do not make for a CBA dispute if there is no disagreement about the meaning or application of any relevant CBA-covered terms of employment." *Schurke*, 898 F.3d at 927. Plaintiffs' minimum wage and business expense reimbursement claims require a court to "apply" CBA provisions' "plain or undisputed language," rather than "interpret" them. *See Renteria-Hinojosa*, 150 F.4th at 1089. Defendant's "hypothetical connection," between Plaintiffs' claims and CBA provisions does not amount to an "active dispute" regarding the "meaning" of CBA provisions. *Id.*; *Schurke*, 898 F.3d at 921.

Finally, Defendant only argues that Plaintiffs' fourth and ninth causes of action are preempted under step two. (Dkt. No. 1, pp. 8–10; Dkt. No. 14, pp. 30–31.) As such, Defendant has not identified an "active dispute over the meaning" of CBA provisions that would require the Court to interpret CBA provisions to address Plaintiffs' remaining causes of action. *Schurke*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124).

15

\*\*\*

Because CBA provisions are not actively disputed and Plaintiffs disclaim any claims under the CBA, the Court is not required to interpret CBA terms to resolve Plaintiffs' claims. For these reasons, the Court concludes that Plaintiffs' ten claims are not preempted at step two.

**C.**     **Plaintiffs' ten causes of action are not preempted under the CBAs' grievance procedure.**

Defendant contends that Plaintiffs' ten causes of action are preempted because "all of Plaintiffs' claims allege violations of the CBA … [and] [a]ll disputes concerning the interpretation or application of the CBA must be pursued through the grievance procedures." (Dkt. No. 1, NOR, pp. 10–11.) Defendant argues, in relevant part, that the Court must determine whether Plaintiffs were required to exhaust the grievance procedures under the CBA and whether they did in fact exhaust those procedures. (*Id.* at p. 10.)

However, Defendant cannot invoke a grievance procedure as a basis for federal subject matter jurisdiction. In *Renteria-Hinojosa*, the Ninth Circuit foreclosed Defendant's argument, reasoning, as explained above, that "a defendant cannot create removal jurisdiction under § 301 by invoking a collective bargaining agreement as a defense." *Renteria-Hinojosa*, 150 F.4th at 1091 (citing *Caterpillar,* 482 U.S. at 398–99); *see also Litvinova v. Kaiser Found. Hosps.*, No. 25-CV-06253-SI, 2026 WL 446306, at \*7 (N.D. Cal. Feb. 17, 2026) (concluding that "any assertion that the [defendant's] conduct was permitted under the terms of the CBA is a defense that does not give rise to LMRA preemption") (citations omitted). Therefore, the Court concludes that Plaintiffs' claims are not preempted under the CBAs' grievance procedure.

**D.**     **The Court's lack of original jurisdiction precludes the exercise of supplemental jurisdiction.**

Defendant contends that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over non-preempted claims under Section 301because all claims are sufficiently related to form part of the same case or controversy. (Dkt. No. 1, NOR, p. 11.)

The Court, however, cannot hear state law claims in federal court without one or more related federal causes of action to anchor the state law claims. *See* 28 U.S.C. § 1367 (providing that a

district court may exercise supplemental jurisdiction over state law claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution.") Because the Court finds that Plaintiffs' causes of action arise under state law and are not preempted under Section 301 of the LMRA, no claims in this action involve federal law.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand and HEREBY REMANDS this action to the Contra Costa County Superior Court. All case deadlines and hearings, including the case management conference scheduled for March 16, 2026 are HEREBY VACATED. The Clerk is instructed to transfer this file.

**IT IS SO ORDERED**.

Dated: March 16, 2026



_____

SALLIE KIM
United States Magistrate Judge

17